**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER HOWE,<br>individually and on behalf of all others<br>similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>SPEEDWAY LLC,<br>MARATHON PETROLEUM COMPANY, and<br>KRONOS, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)   No. 17-cv-7303<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant Speedway LLC ("Speedway") hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b).

**I.**     **Overview of Claims Asserted and Relief Sought**

Plaintiff Christopher Howe asserts two claims on behalf of himself and a putative class. *See* Exhibit A, which contains "a copy of all process, pleadings, and orders served upon" Speedway. 28 U.S.C. § 1446(a). The first claim is that defendants violated the Illinois Biometric Information Privacy Act ("BIPA," 740 ILCS 14/1, *et seq.*), and the second is for common law negligence. Cplt. ¶¶ 61–76 (Claim I) and 77-84 (Claim II).

Both claims rest upon the same factual allegations. Plaintiff alleges that Speedway required its employees to scan their fingerprints and later use their fingerprints to punch in and out of work, all in a manner that was negligent and violated BIPA. *See, e.g., id.* at ¶¶ 28–31.

Plaintiff also alleges that Kronos, Inc. ("Kronos") was negligent and violated BIPA because it received information relating to those fingerprints. Cplt. ¶¶ 13, 72.

Plaintiff defines the putative class as follows:

> All individuals who worked for Defendants in the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by the Defendants during the applicable statutory period.

Plaintiff seeks as relief, among other things, "statutory damages of $5,000 for each willful and/or reckless violation of BIPA[.]" *Id.* at ¶ 76.

## II.     Removal is Proper under CAFA

This Court has jurisdiction under CAFA because this is a purported "class action" (*id.* at ¶¶ 49–60) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 1453(b) (permitting removal of class actions under section 1446 without consent of all defendants); and 1446 (permitting removal).

### A.     Minimal Diversity

Minimal diversity exists because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

Plaintiff is a citizen of Illinois. Cplt. ¶ 10.

Speedway is a citizen of Ohio and Delaware. This is because limited liability companies "have the citizenships of their members." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 691 (7th Cir. 2016). Speedway's sole member is MPC Investment LLC, which is headquartered in Ohio and incorporated in Delaware. *See* Ex. B, Declaration of Holly

2

Hollandsworth, at ¶ 2. MPC Investment LLC's sole member is Marathon Petroleum Corporation.[1] *Id.* at ¶ 3. Marathon Petroleum Corporation is a citizen of Ohio and Delaware (28 U.S.C. § 1332(c)(1))[2] because it is headquartered in Ohio and incorporated in Delaware. *Id.*[3]

### B. Amount in Controversy

The amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The complaint alleges that each class member is entitled to statutory damages of up to $5,000[4] (Cplt. ¶ 76), and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6). From September 1, 2015 to the present, Speedway employed approximately 5,028 people in Illinois who used their fingerprints to punch in and out of work. Ex. B ¶ 5. The product of 5,028 employees and $5,000 in statutory damages yields a maximum amount in controversy of $25.14 million.

### III. The Procedural Requirements for Removal have been Satisfied

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). Speedway was served on September 7, 2017. *See* Ex. A. Counting forward 30 days comes to Saturday, October 7. Yesterday was Columbus Day. The weekend and Columbus

---

[1] The Complaint names and was served upon Marathon Petroleum <u>Company</u>, but Plaintiff seems to have intended to name and serve Marathon Petroleum <u>Corporation</u>, a distinct entity. For example, the Complaint alleges that Speedway is the "wholly owned subsidiary" of Marathon (Cplt. ¶ 12), but that could not describe Marathon Petroleum <u>Company</u>. *See* Ex. B ¶ 4.

[2] Deeming a corporation a citizen of both the state "where it has its principal place of business" and its state of incorporation.

[3] Kronos is evidently also diverse, as it is headquartered in Massachusetts and incorporated in Delaware. *See* 28 U.S.C. § 1332(c)(1); Ex. C (Delaware Secretary of State's confirmation of incorporation); and https://www.kronos.com/about-us/locations-and-global-reach (confirmation that Kronos's headquarters is located in Lowell, Massachusetts).

[4] This is the correct number to use for purposes of determining the amount in controversy, not the alternative $1,000-per-employee request for negligence. *See, e.g.*, *Geschke v. Air Force Ass'n*, 425 F.3d 337, 342 (7th Cir. 2005) (amount in controversy satisfied because, on the face of the complaint, it was not "legally impossible at the outset" for the plaintiff to recover in excess of the jurisdictional minimum).

Day must be skipped in determining the deadline to file this notice. FED. R. CIV. P. 6(a)(1)(C). That makes the deadline today, October 10, 2017.

Speedway is today filing this notice with the Circuit Court of Cook County, along with an executed copy of the Notice of Filing Notice of Removal attached hereto as Exhibit D. Speedway is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Dated:  October 10, 2017

Respectfully submitted,

SPEEDWAY LLC

By: _/s/ Gary M. Miller_____

Gary M. Miller
Anna S. Knight
Patrick J. Castle
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, 51st Floor
Chicago, IL  60606
Tel:  (312) 704-7700
Fax:  (312) 558-1195
Firm No. 58950
gmiller@shb.com
asknight@shb.com
pcastle@shb.com

***Attorneys for Defendants Speedway LLC and Marathon Petroleum Company***

**CERTIFICATE OF SERVICE**

I, Patrick J. Castle, an attorney, hereby certify that on **October 10, 2017**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in *Howe v. Speedway LLC, et al.*, Case No. 2017 CH 11992, in the Circuit Court of Cook County, addressed as follows:

> Ryan F. Stephan
> James B. Zouras
> Andrew C. Ficzko
> Haley R. Jenkins
> STEPHAN ZOURAS, LLP
> 205 North Michigan Avenue, Suite 2560
> Chicago, IL 60601
> (312) 233-1550
> (312) 233-1560 (Fax)
> lawyers@stephanzouras.com
> **Attorneys for Christopher Howe**
>
> Joseph A. Strubbe
> VEDDERPRICE
> 222 North LaSalle Street
> Chicago, IL 60601
> jstrubbe@vedderprice.com
> **Attorneys for Kronos, Inc.**

*/s/ Patrick J. Castle*