IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER HOWE, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) No. 1:17-cv-07303 ) |
| v. | ) Hon. Andrea R. Wood ) |
| SPEEDWAY LLC, MARATHON PETROLEUM COMPANY, and KRONOS, INC., | ) Magistrate Judge Hon. Susan E. Cox ) ) ) |
| Defendants. | ) |

**SPEEDWAY LLC'S AND MARATHON PETROLEUM COMPANY'S
NOTICE OF SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Speedway LLC and Marathon Petroleum Company (together, "Speedway") respectfully request that this Court take notice of *Raqqa, Inc. v. Northstar Lottery Group, LLC*, No. 17-cv-246-MJR-DGQ (S.D. Ill. Mar. 29, 2018), in which the United States District Court for the Southern District of Illinois denied the plaintiffs' motion to remand, ruling that remand is not automatically proper merely because a removing defendant moves to dismiss for lack of standing. A copy of the Memorandum and Order is attached as Exhibit A.

1. In *Raqqa*, the plaintiffs filed a class action lawsuit in the Illinois Circuit Court. The defendant removed on diversity grounds then filed a motion to dismiss, arguing in part that the plaintiffs lacked standing. The plaintiffs then moved to remand to state court, arguing that because the defendant challenged the plaintiffs' standing, it failed to carry its burden to establish subject matter jurisdiction.

2. The defendant argued that "standing is irrelevant to the removal analysis." *Citing Stanton v. State Farm Mut. Auto. Ins. Co.*, No. 11-CV-282-JPG, 2011 WL 2560323, at *2 (S.D. Ill. Jun. 29, 2011). Defendant argued that the only question at issue in a motion to remand is the Court's "authority to hear a case pursuant to the removal statute." Because the federal diversity statute conferred subject matter jurisdiction, remand would be improper and should be denied. *Id.* at 5 (quoting *Am. Inmate Phone Sys., Inc. v. US Sprint Commc'ns Co. P'ship,* 787 F. Supp. 852, 854 (N.D. Ill 1992)).

3. The court agreed. It held that plaintiffs were confusing justiciability with subject matter jurisdiction. *See* Exh. A at 3. ("Plaintiffs point to nothing in the removal statutes . . . that limits a litigant's ability to raise questions of justiciability *post-removal*.") (emphasis added).

4. Here, Speedway removed under the Class Action Fairness Act, which Congress enacted to similarly confer subject matter jurisdiction on federal courts for class actions just like this lawsuit. Because the requirements of CAFA are met, this Court has subject matter jurisdiction and, thus, the power to rule on plaintiff's right to bring a private right of action under BIPA. Unlike in *Raqqa*, Speedway did not move to dismiss this case for lack of Article III standing, but *Raqqa's* core holding is on point because Speedway did move to dismiss for lack of standing under the Illinois Biometric Information Privacy Act. Denying remand here is fully supported by the court's ruling and analysis in *Raqqa*.

Dated: April 16, 2018            Respectfully submitted,

                                                       SPEEDWAY LLC and
                                                       MARATHON PETROLEUM COMPANY

                                      By:    */s/ Gary M. Miller*
                                                               One of Their Attorneys

| | |
|---|---|
| Tristan L. Duncan (*pro hac vice*) | Gary M. Miller |
| SHOOK, HARDY & BACON L.L.P. | Anna S. Knight |
| 2555 Grand Boulevard | Patrick J. Castle |
| Kansas City, MO 64108 | SHOOK, HARDY & BACON L.L.P. |
| (816) 474-6550 | 111 South Wacker Drive, 51st Floor |
| tlduncan@shb.com | Chicago, IL 60606 |
| | Tel: (312) 704-7700 |
| Alfred Saikali (*pro hac vice*) | Firm No. 58950 |
| SHOOK, HARDY & BACON L.L.P. | gmiller@shb.com |
| 201 South Biscayne Boulevard, Suite 3200 | asknight@shb.com |
| Miami, FL 33131 | pcastle@shb.com |
| (305) 358-5171 | |
| asaikali@shb.com | ***Attorneys for Defendants Speedway LLC and Marathon Petroleum Company*** |

4038341

## CERTIFICATE OF SERVICE

I, Patrick J. Castle, an attorney, hereby certify that on **April 16, 2018,** I caused a true and correct copy of **SPEEDWAY LLC'S AND MARATHON PETROLEUM COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** to be served on counsel of record via ECF pursuant to the General Order on Electronic Filing of the United States District Court, Northern District of Illinois, addressed as follows:

> Ryan F. Stephan
> James B. Zouras
> Andrew C. Ficzko
> Haley R. Jenkins
> STEPHAN ZOURAS, LLP
> 205 North Michigan Avenue, Suite 2560
> Chicago, IL 60601
> (312) 233-1550
> (312) 233-1560 (Fax)
> lawyers@stephanzouras.com
> rstephan@stephanzouras.com
> jzouras@stephanzouras.com
> aficzko@stephanzouras.com
>
> Benjamin H. Richman
> Sydney M. Janzen
> Ari J. Scharg
> Christopher L. Dore
> Alexander G. Tievsky
> J. Eli Wade Scott
> EDELSON PC
> 350 North LaSalle Street, Suite 1300
> Chicago, IL 60654
> brichman@edelson.com
> sjanzen@edelson.com
> ascharg@edelson.com
> cdore@edelson.com
> atievsky@edelson.com
> ewadescott@edelson.com
>
> ***Attorneys for Christopher Howe***

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Patrick J. Castle*

4038341